IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                  No. CIV 10-0030 JB/WDS
                                                                         CR 05-0920 JB

LEOBARDO MORALES-RIVERA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Omnibus Motion, filed December 20, 2010 (CIV Doc. 13; CR Doc. 171). The motion invokes rule 60(b) of the Federal Rules of Civil Procedure and seeks relief from the Court's prior order and judgment. See Memorandum Opinion and Order, filed November 30, 2010 (CIV Doc. 8; CR Doc. 166); Final Judgment, filed November 30, 2010 (CIV Doc. 9; CR Doc. 167). In those orders, the Court dismissed as untimely the Defendant's Petition For Habeas Relief Under 28 U.S.C § 2255 On Motion To Set Aside, Vacate Or Correct Sentence. filed January 11, 2010 (CIV Doc. 1; CR Doc. 163). As grounds for his motion, Defendant Leobardo Morales-Rivera asserts that the Court misapprehended the grounds for relief in his § 2255 motion. In some detail, he reargues his claims of actual innocence, defective indictment, and illegal sentence. The Court will dismiss Morales-Rivera's motion for lack of jurisdiction.

Morales-Rivera's motion purports to seek relief from the order dismissing his § 2255 motion, but in fact seeks to revisit the underlying conviction and sentence. The motion thus amounts to a second or successive § 2255 motion.

> Under Gonzalez[ v. Crosby, 545 U.S. 524 (2005)], a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. . . . or . . . challenges a defect in the integrity of the federal habeas proceeding . . . that . . . lead[s] inextricably to a merits-based attack on the disposition of a prior habeas petition.

Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006).  See United States v. Harrison, 382 F. App'x 678, 680 (10th Cir. 2010)("Although Gonzalez dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions.").  Because the Defendant's motion constitutes a second or successive § 2255 motion under either of the standards described in Spitznas v. Boone, the Court has no authority to consider his claims.  See United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).  "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."  United States v. Nelson, 465 F.2d at 1148.  Under the rulings in United States v. Nelson and United States v. Harrison, the Court will dismiss Morales-Rivera's motion for lack of jurisdiction.

**IT IS ORDERED** that Defendant Leobardo Morales-Rivera's Omnibus Motion, filed December 20, 2010 (CIV Doc. 13; CR Doc. 171) is dismissed for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Leobardo Morales-Ramirez
  Federal Correctional Institution -- LOMPOC
Lompoc, California

    *Plaintiff pro se*