**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                         No. CIV 10-0030 JB/WDS
                                                                     CR 05-0920 JB

LEOBARDO MORALES-RAMIREZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant Morales-Rivera's Motion To Amend Rule 60(b) Motion Pursuant To Rule 35(a) Fed. Rules Of Civil Procedure, filed January 28, 2011 (CIV Doc. 24; CR Doc. 184)("Motion to Amend"). The motion seeks leave to amend Defendant's Omnibus Motion, filed December 20, 2010 (CIV Doc. 13; CR Doc. 171)("Rule 60(b) Motion") filed on December 20, 2010. As grounds for his motion, Defendant Leobardo Morales-Ramirez asserts that Plaintiff United States of America has recently argued that jurisdiction of this matter resides exclusively in the United States District Court for the Southern District of California. The Court will deny the Motion to Amend.

      By order entered on January 14, 2011, the Court dismissed the rule 60(b) motion that Morales-Ramirez now seeks to amend. Even though "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." The Tool Box, Inc., v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005)(quoting Bressner v. Ambroziak, 379 F.3d 478, 484 (7th Cir. 2004)). "Inasmuch as the court had already entered its final judgment in this case, we affirm the district court's denial of

[Defendant]'s motion [to amend] as moot." Blythe v. Southwest Airlines Co., 383 F. App'x 766, 769 (10th Cir. 2010). And furthermore, "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985)(per curiam). The Court considers Morales-Ramirez' Motion to Amend under these standards.

Morales-Ramirez misapprehends the United States' jurisdictional argument. In the criminal proceeding, Morales-Ramirez filed a Motion for Return of $3,100.00, filed April 13, 2010 (CR Doc. 168)("Property Motion"). In its Response to Defendant's Motion for Return of $3,100.00 in U.S. Currency Filed on April 13, 2010, filed January 4, 2011 (CR Doc. 175), the United States asserts that, because the property was confiscated in San Diego, California, Morales-Ramirez' claim to the property may be adjudicated only in the United States District Court for the Southern District of California. Nowhere does the United States assert that this Court lacked jurisdiction of Morales-Ramirez' proceeding under 28 U.S.C. § 2255 or of his Rule 60(b) Motion, which sought relief from the order dismissing the § 2255 motion. Because the United States' jurisdictional argument has no relation to Morales-Ramirez' § 2255 proceeding or his Rule 60(b) Motion, Morales-Ramirez' Motion to Amend provides no grounds for setting aside the dismissal of, or for amending, his Rule 60(b) Motion. See Cooper v. Shumway, 780 F.2d at 29; The Tool Box, Inc., v. Ogden City Corp., 419 F.3d at 1087. The Court will deny the Morales-Ramirez' Motion to Amend.

**IT IS ORDERED** that Defendant Morales-Rivera's Motion To Amend Rule 60(b) Motion Pursuant To Rule 35(a) Fed. Rules Of Civil Procedure, filed January 28, 2011 (CIV Doc. 24; CR Doc. 184) is denied.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

*Parties:*

Leobardo Morales-Ramirez
Federal Correctional Institute Lompoc
Lompoc, California

      *Plaintiff pro se*