IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.  No. CR 05-0920 JB

LEOBARDO MORALES-RAMIREZ,

Defendant.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

This matter is before the Court on defendant's Motion for Return of Property.  Doc. 168. Defendant is acting *pro se*.  The Government opposes the motion.  The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the motion should be denied.  The Court makes the following findings and recommended disposition.

### FACTUAL AND PROCEDURAL HISTORY

On April 11, 2005, Leobardo Morales-Ramirez was arrested in the Southern District of California, in San Diego, California. Doc. 19. $3,100.00 in cash was seized from Morales-Ramirez at the time of his arrest.  Doc. 175, Exh 1-3.  On April 27, 2005, a federal grand jury in New Mexico returned a two-count indictment. Doc. 10. On July 12, 2005, a superceding indictment was returned charging Morales-Ramirez with conspiracy and possession with intent to distribute over 1 kilogram of heroin, and aiding and abetting. Doc. 31.

Morales-Ramirez proceeded to trial on February 13, 2006.  No substantive motions were

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

filed prior to trial.  On February 15, 2006  Morales-Ramirez was found guilty on both counts of the superceding indictment.  Doc. 125.  Morales-Ramirez received a sentence of 240 months on September 4, 2006.  Doc. 152.

Morales-Ramirez filed this Motion for Return of $3,100.00 in U.S. currency on April 13, 2010. Doc. 158. On November 30, 2010, the Court issued a Memorandum Opinion and Order directing the United States to respond to the Defendant's Motion for Return of $3,100.00. Doc. 166. The Government's response was due on December 14, 2010. The United States subsequently filed a Motion for Extension of Time and this Court filed its Order granting the extension to January 4, 2011. Doc. 170.  The Government filed its response brief in opposition to the motion on January 4, 2011,  Doc. 175, and a supplemental response on April 18, 2011.  Doc. 187.  The motion was referred to the undersigned for a Report and Recommendation.  Doc. 176.

## ANALYSIS

Two lots of cash were seized from defendant at the time of his arrest, one in the amount of $1,500.00 and the other in the amount of $1,642.00[2].  Doc. 187 Exh. 1 and 2.  There is no question that the property was seized in San Diego, CA.  It also appears that in 2005 the Government initiated and completed forfeiture proceedings in California under 19 U.S.C. §1609.

Defendant's motion seeks return of the property under Fed. R. Crim. Proc. 41(c).  Rule 41(c) authorizes the issuance of a warrant for seizure of property.  Rule 41(g), on the other hand, permits a person aggrieved by an unlawful search and seizure, or deprivation of property, to move for the property's return.  For purposes of this Report and Recommendation the Court will deem defendant's motion to have been filed under Rule 41(g).  Rule 41(g), however, requires that "[t]he

---

[2]The Court assumes that defendant's motion for the return of $3,100.00 reflects the fact that defendant rounded the latter amount down from $1,642.00 to $1,600.00.

motion (for the property's return) must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). Because the property at issue was seized in the district of California, not New Mexico, the Court does not have jurisdiction to order the return of the property, thus the motion should be denied.

Because the Court reads all *pro se* motions liberally, *see Price v. Philpot,* 420 F.3d 1158, 1162 (10th Cir. 2005), the Court has also considered whether it would be more appropriate to transfer this matter to the district of California, rather than simply deny the motion. For civil matters filed pursuant to 28 U.S.C. § 1915 where it appears that personal jurisdiction lies in another district, it may be appropriate for a court to transfer the matter to that district, rather than dismissing without prejudice with an option for the plaintiff to file a new action in the other district. *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006). However, in this case defendant did not file a *civil* action seeking recovery of property confiscated in California. He filed a motion under the criminal rules in a closed criminal case. Accordingly, there is no case to transfer to California, and in the Court's opinion the proper course of action is to deny defendant's motion for return of property for lack of jurisdiction.

### RECOMMENDED DISPOSITION

The Court recommends that defendant's Motion for Return of Property be DENIED.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**