**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                No. CR 05-0920 JB

LEOBARDO MORALES-RAMIREZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation, filed May 13, 2011 (Doc. 189)("Report and Recommendation"). No objections to the Report and Recommendation were filed.

      On May 23, 2011, Defendant Leobardo Morales-Ramirez filed a document that the Court construes as a supplemental reply brief. See Petitioner's Response to Government's Response (Doc. 175) to Petitioner's Motion for Return of $3,100.00 in U.S. Currency Filed on April 13, 2010, filed May 20, 2011 (Doc. 191)("Supplemental Reply"). In addition to the arguments asserted in the reply brief that he filed January 24, 2011, see Defendant's Reply to Government's Response to Defendant's Motion for Return of $3,100.00 (Doc. 178)("Reply"), before the Honorable W. Daniel Schneider, United States Magistrate Judge, issued his Report and Recommendation, Morales-Ramirez argues in the Supplemental Reply that the Court should grant his motion seeking return of his property, see Motion for Return of $3,100.00, filed April 13, 2010 (Doc. 168)("Motion"), because Plaintiff United States of America failed to comply with the law regarding civil forfeiture. See Supplemental Reply at 1-2. Specifically, he argues that the United States failed to: (i) provide a certificate of service properly indicating notice was sent to all parties before the currency was

confiscated; (ii) cite law pertaining to San Diego, California, where the currency was seized; and (iii) plead facts with sufficient specificity. See Supplemental Reply at 1-2.

None of these arguments are relevant to Judge Schneider's conclusions that the Court lacks authority to entertain the Motion because the property was seized in California and not in New Mexico. See Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."); United States v. Daprano, No. 04-2040, 2009 WL 5171854, at *1 (D.N.M. Nov. 5, 2009)(Browning, J.)("Because the property at issue was not seized in the district of New Mexico, however, the Court does not have jurisdiction to order the State of New York to return the property. The Court, therefore, denies that portion of Daprano's request."). Morales-Ramirez has not objected to this conclusion nor to any portion of Judge Schneider's analysis. His arguments that the Court can entertain this Motion because the Court exercised jurisdiction over his criminal case are not persuasive and lack citations to any controlling authority. See Reply at 4-5. The Court has made a de novo determination of Judge Schneider's Report and Recommendation and agrees with his resolution of this matter.

**IT IS ORDERED** that (i) the Magistrate Judge's Report and Recommendation, filed May 13, 2011 (Doc. 189), is adopted by the Court; and (ii) the Defendant's Motion for Return of $3,100.00, filed April 13, 2010 (Doc. 168), is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Kenneth J. Gonzales
  United States Attorney
Elaine Y. Ramirez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Plaintiff*

Leobardo Morales-Ramirez
Federal Correctional Institution
Lompoc, California

    *Defendant pro se*